[J-10-2015] [MO: Saylor, C.J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | |
|---|---|
| ROBERT SCHANNE, | : No. 106 MAP 2014 |
| | : |
| Appellant | : Appeal from the U.S. Court of Appeals, |
| | : Third Circuit No. 12-4044 |
| | : |
| v. | : ARGUED: March 10, 2015 |
| | : |
| | : |
| JENNA ADDIS, | : |
| | : |
| Appellee | : |

**CONCURRING OPINION**

**MR. JUSTICE EAKIN**                    **DECIDED:   August 17, 2015**

I join the majority's analysis and result. I write only concerning speculation by my colleagues about a different result being possible, had appellee been a student at the time of her allegations. Respectfully, the purpose and applicability of the judicial privilege is not related to appellee's status; categorizing her as a student, past or present, or any other denomination, is irrelevant to application of this discrete privilege. The applicability of the judicial privilege depends on the existence of, or potential for, judicial-related proceedings at the time of utterance. Restatement (Second) of Torts, § 588 cmt. e (stating "the rule … applies only when … a proceeding … is <u>actually contemplated in good faith</u> and under serious consideration by the witness" (emphasis added)). It matters not whether the speaker is old or young, tall or short, a student, teacher, doctor, lawyer, or Indian Chief.

This is not to say a broader privilege to speak out should not be afforded to students. However, if a privilege to encourage reporting based on status rather than

circumstance is appropriate, that privilege should be articulated clearly and independently.  No mere classification of the speaker creates a "judicial privilege," and that venerable privilege should not be contorted to fit a prospectively desirable result, whatever its salience.